

FILED & JUDGMENT ENTERED
Steven T. Salata

September 28 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-30809 |
| **Dennis Arthur Johnson** ) | Chapter 7 |
| ) | |
| **Debtor.** ) | |

## ORDER

This matter arises out of so called "bankruptcy petition preparer services" provided by Dallas X. Evans and Daniel P. Silver, Esq., through the website www.chapter7in24.com that amount to deceit, fraud, the unauthorized practice of law, and violations of Section 110 of the Bankruptcy Code. As a result, Evans and Silver are both fined, ordered to disgorge any funds collected from the debtor, and permanently enjoined from preparing bankruptcy petitions that will be filed in the Western District of North Carolina. Evans is also found to be in contempt of Court.

### Background

Debtor, Dennis A. Johnson, filed a *pro se* Chapter 7 petition on May 16, 2016. His petition immediately raised numerous red flags:

(1) The Disclosure of Compensation of Bankruptcy Petition Preparer indicated that Johnson paid $399 to "Attorney Daniel Silver" for petition preparer services.

1

(2) The Disclosure of Compensation of Bankruptcy Petition Preparer form requires the preparer, in this case "Attorney Daniel Silver," to "declare under penalty of perjury that I am not an attorney or employee of an attorney."[1]

(3) Although this case was filed *pro se*, Daniel Silver signed the Certificate of Service, indicating he served copies of Johnson's petition on secured creditors and other parties as required by the Bankruptcy Rules.

(4) The Bankruptcy Petition Preparer's Notice, Declaration and Signature lists "Attorney Daniel Silver" as the petition preparer and the firm as "Chapter 7 in 24."

(5) Throughout the petition, "Attorney Daniel Silver" is listed as a resident of E. Falmouth, MA. The Massachusetts Board of Bar Overseers of the Supreme Judicial Court lists Silver as an active member of its bar (No. 686455). Silver is neither admitted to practice in North Carolina nor before this Court.

(6) Johnson failed to claim any exemptions in his real or personal property despite listing over $200,000 in equity in his home and over $100,000 in an IRA.

(7) Johnson's petition contained numerous errors and inconsistent statements that are further detailed in the Bankruptcy Administrator's Motion to Dismiss this case filed on June 7, 2016.

Because of these red flags the Court ordered Silver to appear and show cause. A hearing was set for June 16, 2016.

Prior to that hearing, Silver filed a response that reads in part:

Your Honor:

I am in receipt of your Order to Appear before you on June 16, 2016.

First and foremost, I am mortified by my clear violation of the law. Obviously, I was either being arrogant and incredibly brazen by declaring that I am an attorney, or I was being ignorant and frankly, stupid. Embarrassingly, it is the latter. I was trying to be transparent in thinking that I could work as a "non-attorney" preparer and in no way represent the client in the hearing or any time after the filing.

---

[1] Code Section 110 similarly limits the term "petition preparer" to "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing."

> Although I am an attorney in Massachusetts, my reason for getting my degree and license to practice was to become a sports' agent, which never materialized. I have only done minimal representation "on the side," in family law cases and license-to-carry cases. I have never received any compensation for legal services prior to my becoming a 1099, Independent Contractor with the preparation company, "Chapter 7 in 24," based out of New York. I have received $100 for helping to prepare the petition in the Dennis Johnson filing.
>
> By definition, I am guilty of perjury. Although it was not my intention, I suppose that I am also guilty of engaging in the unathorized [sic] practice of law in North Carolina. As for the excessive fees being charged, the $399 was well below virtually all advertised prices for preparer services, but I defer to your expertise on the matter.
>
> I am a full-time sales manager in the auto industry whose ship has sailed on becoming an attorney as a way of earning a living.
>
> I am proposing that I pay the Court $200 (double what I was paid in the case), formally become enjoined from preparing bankruptcy petitions in any capacity, and have my violation(s) reported to the MA Board of Bar Overseers. If you see it as appropriate, I am willing to forfeit my license to practice in MA, though I would prefer to maintain it for assisting family members in small matters.

At the June 16 hearing, Johnson and the Bankruptcy Administrator (the BA) appeared in person and Silver appeared telephonically (with the Court's permission). Silver's statements and Johnson's testimony at that hearing indicated that Evans created and maintained the website www.chapter7in24.com through which he received payment from Johnson and advised Johnson regarding his bankruptcy case. The evidence made clear that Evans completed the documents filed by Johnson. As a result, the hearing was continued and Evans was ordered to appear and show cause.

The Court reconvened the hearings on July 19, 2016. The BA and Johnson, now represented by counsel, appeared in person and Silver appeared telephonically. Evans did not appear.

At the hearing, the BA introduced evidence that Evans had actual knowledge of the Court's order requiring him to appear. This included email communications between the BA and Evans as well as the BA and Evans' employer. Several of those emails included copies of the Court's order. Many of Evans' responses to the BA's emails were inflammatory. At one point, he indicated he had no "intention of testifying in [this] matter" and at least twice threatened legal action against the undersigned. Of note, Evans' emails to the BA were sent from "dallasevans@chapter7in24.com" and his electronic signature indicated that he is the "President" of Chapter 7 in 24.

**Findings of Fact**

Based on the filings and evidence presented at the hearings on June 16, 2016 and July 19, 2016, the Court makes the following findings:

Evans held out Chapter 7 in 24 to the public as "Americas #1 Chapter 7 Bankruptcy Law Firm!!!" and offered "Complete Package Starting at $399," "Free Consultation," "Free Credit Counseling Courses," and "Free Continued Chapter 7 Counsel Until Discharge." The company website stated that "A bankruptcy case begins with a petition. We will prepare this complex document, using detailed information that you will need to supply." It summarized the bankruptcy process as:

> FIRST: We discuss your situation with you on the phone and work with you to help you find all of the creditors that can be listed on your Bankruptcy Petition (there are probably more of them than you are thinking of right now)

4

>       SECOND: We meet with you and collect all of the information that is required to prepare your Chapter 7 Petition further discuss with you the Bankruptcy process so that the process will go smoothly for you [sic].
>
>       THIRD: We input your information into your Chapter 7 Bankruptcy according to U.S.C. 11 Section 110 of the Federal Bankruptcy code.
>
>       FOURTH: We meet with you, we review all of the information on the Petition and have you approve and sign the Petition.
>
>       FIFTH: We provide you with the Chapter 7 Petition so that you may file it with the courts.
>
>       FINALLY: We follow up with you to make sure you are aware of what you need to do to complete the process.

Although in one place the website states that "We are not attorneys and cannot give you legal advice," in another place, it boasts that "Your Chapter 7 Bankruptcy will be completed by a licensed attorney" and lists forty-nine states in which Chapter 7 in 24 operates. Indicative of the quality of service actually provided, on most of the pages, the word "bankruptcy" is misspelled "bancruptcy."

Dallas Evans created the Chapter 7 in 24 website after going through his own bankruptcy. While he is not an attorney, Evans' personal experience led him to believe he was capable of advising and assisting others through bankruptcy.

Evans and Silver met through Silver's employment in the car sales business. At that time, Silver was not a practicing attorney and had no experience in bankruptcy law beyond taking the course in law school over a decade ago. Evans knew that Silver had never represented a debtor in bankruptcy, but nonetheless, asked Silver to work for him because he thought having a licensed attorney would be good for marketing and

5

credibility and would ease potential clients' fears. Silver's likeness was displayed on the website.

If Silver was the face of the operation, put there to sell the public on the notion they were receiving competent legal advice, Evans was the principal. He interacted with all the clients and answered any questions. At the hearing, the case preparation process was described as follows. First, Evans provided clients with a questionnaire and then completed the petitions based upon their answers. Next, Silver conducted a "review" of the draft petitions (although it appears Silver did little if anything to check the quality of Evans' work). Afterward, Evans mailed the petitions to the clients who filed them with various courts "*pro se*."

Evans initially charged clients $599 to prepare petitions. However, per statements by Silver, the rate was reduced to $399 after the Bankruptcy Court in the Eastern District of Virginia ruled that Silver could not appear as attorney of record in a case.[2] Silver estimated that he was consulted on approximately thirty to forty cases and actually assisted in filing eight.[3]

As to this case, prior to talking with Evans, Johnson met with an attorney to discuss his bankruptcy options. Financially unable to retain the attorney, Johnson turned to Craigslist where he found an advertisement for the Chapter 7 in 24 website. Through the website, Evans offered to prepare Johnson's Chapter 7 bankruptcy documents for

---

[2] Silver was unable to recall the debtor's name in that case.
[3] In addition to Johnson's case, these included: Melissa Shawn Aukens – Middle District of Florida; Garvin Nedd – District of Maryland; Martina Greene – Eastern District of Virginia; Melvin Greene – Eastern District of Virginia; Amelia Woodson – Eastern District of Virginia; Candie Sharlie Coleman – Northern District of Illinois; Sky Jackson – Northern District of Georgia.

6

$399. Johnson ultimately paid $399 to dallasevans@chapter7in24.com via PayPal on April 15, 2016.[4]

While his petition was being "prepared," Johnson only communicated with Evans and never spoke to Silver. Their conversations, usually by text message or email, were extensive and resulted in multiple revisions to Johnson's petition. After Evans prepared the final draft, he informed Johnson that he would have an attorney review the documents before filing. Until that time, Johnson was unaware that Evans was not an attorney. Silver conducted the final "review" of Johnson's petition before Johnson filed it.

The petition that Evans ultimately produced was fraught with errors and omissions. In addition to the issues already noted above and those in the BA's Motion to Dismiss, Evans changed many of the financial figures provided by Johnson in an apparent effort to subvert the means test.

Fortunately, after the Court show caused Silver, Johnson hired an attorney who corrected these problems. Otherwise, his case would have likely been dismissed or,[5] worse, he would have lost his home and IRA for failing to claim either as exempt.

### Conclusions of Law

A bankruptcy petition preparer is "a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). A document for filing includes petitions as well as "any other document prepared for filing by a debtor" in connection with a bankruptcy case. *Id*. § 110(a)(2).

---

[4] This is the same email address used to by Evans to communicate with the BA prior to the July 19 hearing at which he failed to appear.

[5] Per the statements made at the July 19 hearing, the BA's motion to dismiss will be treated as resolved.

7

Bankruptcy Code Section 110 sets forth extensive and detailed parameters for bankruptcy petition preparers. The Code prohibits petition preparers from offering potential debtors legal advice. *Id*. § 110(e)(2)(A). Among other enumerated examples, legal advice includes advising the debtor on whether to file a petition, whether his debts will be discharged, and whether he will be able to retain certain assets. *Id*. § 110(e)(2)(B). Additionally, petition preparers may not counsel debtors on "how to characterize the nature of the debtor's interests in property or the debtor's debts" or on "bankruptcy procedures and rights." *Id*. § 110(e)(2)(B)(vii).

Like the Bankruptcy Code, North Carolina law specifies that a non-attorney may not "give legal advice or counsel" or "prepare legal documents." N.C.G.S. § 84-4. But for the limited authority carved out by Code Section 110, "preparing a bankruptcy petition would constitute the unauthorized practice of law in North Carolina." *In re Bodrick*, No. 14-31516, 2016 WL 1555593, at *5 (Bankr. W.D.N.C. Apr. 14, 2016). Consequently, if a petition preparer oversteps the parameters of Code Section 110, he is likely engaged in the unauthorized practice of law, a Class I misdemeanor under North Carolina criminal law. *Id*.; N.C.G.S. § 84-8.

These strict limitations essentially demote a petition preparer to the role of a "typist," *Bodrick*, 2016 WL 1555593, at *4 (citations omitted), which is consistent with the legislative history of Code Section 110, *id*. ("The legislative history of § 110 confirms the conclusions of the courts cited above: 'While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors.' " (quoting H.R. REP. NO. 103–835 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, at 3365, 1994 WL 562232, at *56)).

8

Given these comprehensive regulations, it is not surprising that the Bankruptcy Code also requires petition preparers to be forthright and honest about their identities and the limits on their permissible services. In this vein, petition preparers must sign and place their Social Security number on each "document for filing" that they prepare. 11 U.S.C. § 110(c)(1). Advertisements for preparer services may not use the term "legal or any similar term." *Id*. § 110(f).

Those who violate Section 110 face significant penalties. The Code permits courts to order the forfeiture of all fees charged by a preparer who fails to comply with Section 110. *Id*. § 110(h)(3)(B). If the petition preparer's acts are fraudulent, unfair, or deceptive, courts shall order the payment of actual damages to the debtor, payment of the greater of $2000 or twice the amount paid by the debtor to the preparer, and attorneys fees and costs. *Id*. § 110(i)(1). Finally, under Subsection 110(l)(1), the Code permits courts to fine wayward petition preparers up to $500 per offense for violations of most provisions of Section 110. *Id*. § 110(l)(1) (imposing a per offense fine for petition preparers who fail to comply with Subsections 110(b), (c), (d), (e), (f), (g), or (h)"). The fines mandated by that subsection must be tripled upon a finding that a petition preparer:

> (A) advised the debtor to exclude assets or income that should have been included on applicable schedules;
>
> (B) advised the debtor to use a false Social Security account number;
>
> (C) failed to inform the debtor that the debtor was filing for relief under this title; or
>
> (D) prepared a document for filing in a manner that failed to disclose the identity of the bankruptcy petition preparer.

*Id*. § 110(l)(2).

9

Moving to the application of Section 110 and N.C.G.S. § 84-8 to these facts, Silver and Evans played very different roles in Johnson's bankruptcy case. Each will be addressed in turn.

By his own admission, Silver's participation was intended to give the operation a level of credibility and to comfort and allay the fears of potential clients. Those considering bankruptcy are often at the lowest points in their life, and Silver's deception of such individuals is reprehensible. Though his direct involvement in Johnson's case was minimal, Silver is just as culpable as Evans in this scheme. Even so, the Court cannot conclude that Silver acted as a petition preparer in this case for two primary reasons. (1) By all accounts, Silver did little if any work on Johnson's petition and never actually spoke to Johnson. Evans actually "prepared" Johnson's petition. Silver was but a straw man for Evans. (2) Silver, as an attorney, is legally excluded from the definition of a petition preparer. Thus, it is more appropriate to deal with Silver's conduct outside the purview of Code Section 110.

As has been repeated on numerous occasions, a court has the inherent authority to sanction and discipline those who appear before it. *In re Burton*, 442 B.R. 421, 466 (Bankr. W.D.N.C. 2009) (citing, *inter alia*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)). "Additionally, both Bankruptcy Rule 9011 and 28 U.S.C. § 1927 provide for sanctions against wayward attorneys," *id*. at 467, and 11 U.S.C.§ 105 permits the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]"

The record supports findings that Silver acted deceptively, knowingly signed documents that contained misrepresentations that were filed under penalty of perjury with

10

this Court, and engaged in the unauthorized practice of law. Accordingly, the Court orders Silver to remit $7500 to Johnson.[6] Further, Silver is forever enjoined from preparing a petition to be filed the Western District of North Carolina and must disgorge to Johnson any fees he collected in association with this case.

This sanction could have justifiably been much higher given the gravity of these wrongs as well as Silver's admission that he had been put on notice by the Bankruptcy Court in the Eastern District of Virginia that he could not appear as attorney of record. More importantly, as a licensed attorney, he is expected to maintain a high standard of ethics and certainly knew better than to allow his name and credentials to be used to deceive the public. To his credit though, Silver has earned some leniency by taking responsibility for his actions and through his forthright cooperation with the BA and the Court.

As for Evans, the "brains" behind Chapter 7 in 24, the harm he caused as an undisclosed petition preparer is precisely the type of harm 11 U.S.C. § 110 and N.C.G.S. § 84-4 seek to remedy. The Court is well within its power to sanction him pursuant to those provisions as well as its inherent authority. On this record, at a minimum, the Court concludes that Evans illegally: (1) offered Johnson legal advice, (2) used advertisements that stated Chapter 7 in 24 is a law firm and provided legal services, (3) failed to sign documents he prepared, and (4) failed to disclose his identity.

In terms of offering legal advice, a violation of 11 U.S.C. § 110(e)(2) and N.C.G.S. § 84-4, Evans had Johnson fill out an intake questionnaire much like the one most bankruptcy attorneys ask of their clients. From there, Evans took the questionnaire

---

[6] The Court will enter a separate judgment against Silver in favor of Johnson for that amount.

11

and made decisions for Johnson on how to characterize (or mischaracterize) the nature of Johnson's interests in property and debts. 11 U.S.C. § 110(e)(2)(B)(vi). Additionally, Evans advised Johnson on bankruptcy procedures and his rights. *Id*. § 110(e)(2)(B)(vii). These acts are clear-cut examples of "legal advice" enumerated within Subsection 110(e)(2)(B), go well beyond the duties of a typist, and are also prohibited by N.C.G.S. § 84-4. Accordingly, Evans is fined $1000. *See* 11 U.S.C. § 110(l)(1) (permitting the Court to fine petition prepares who fail to comply with, *inter alia*, 11 U.S.C. § 110(e) $500 per offense).

Evans' Chapter 7 in 24 website also runs afoul of the advertising provisions of Section 110 in numerous ways. As previously stated, advertisements for preparer services may not use the term "legal or any similar term." *Id*. § 110(f). The most egregious examples of Evans suggesting he was providing legal services include statements that Chapter 7 in 24 is "Americas #1 Chapter 7 Bankruptcy Law Firm!!!," offered "Free Continued Chapter 7 Counsel Until Discharge," and that "Your Chapter 7 Bankruptcy will be completed by a licensed attorney." For violating 11 U.S.C. § 110(f), Evans is fined an additional $1500. *See* 11 U.S.C. § 110(l)(1) (permitting the Court to fine petition prepares who fail to comply with, *inter alia*, 11 U.S.C. § 110(f) $500 per offense).

Though Evans had extensive conversations with Johnson and completed the entire petition, Evans' signature does not appear anywhere on the petition as required by 11 U.S.C. § 110(c)(1). For failing to sign the petition, Evans is fined an additional $500. *See* 11 U.S.C. § 110(l)(1) (permitting the Court to fine petition prepares who fail to comply with, *inter alia*, 11 U.S.C. § 110(c) $500 per offense). Because the petition does

not disclose that Evans had any involvement in its preparation, the Court must triple the amount of Evans' fines to this point ($3000) for his failure to disclose his identity pursuant to 11 U.S.C. § (l)(2)(D) for a total of $9000 to be deposited and expended per the terms of 11 U.S.C. § 110(l)(4)(B) ("Fines imposed under this subsection in judicial districts served by bankruptcy administrators shall be deposited as offsetting receipts to the fund established under section 1931 of title 28, and shall remain available until expended to reimburse any appropriation for the amount paid out of such appropriation for expenses of the operation and maintenance of the courts of the United States.").

Furthermore, if the petition preparer's acts were fraudulent, unfair, or deceptive, Section 110 requires that courts order the payment of actual damages to the debtor, payment of the greater of $2000 or twice the amount paid by the debtor to the preparer, and attorneys fees and costs. 11 U.S.C. § 110(i)(1). Evans actions were certainly fraudulent and deceptive. He held out Chapter 7 in 24 to the public as "Americas #1 Chapter 7 Bankruptcy Law Firm!!!," and he sought out an attorney, Silver, in an attempt to give credibility to the ruse. Johnson's testimony that he believed Evans was an attorney supports this conclusion. While the record is insufficient to calculate Johnson's actual damages or attorneys fees and costs,[7] Evans is ordered to pay Johnson $2000 pursuant to 11 U.S.C. § 110(i)(1)(B)(i) in addition to the fines already imposed.[8] Evans is also forever enjoined from preparing a petition to be filed the Western District of North

---

[7] No evidence of Johnson's actual damages appears in the record. The fee affidavit submitted regarding Johnson's attorney's fees contains many fees associated with these motions that are lumped together with unrelated fees such that it is not possible to determine what is reasonable.

[8] The Court will enter a separate judgment against Evans in favor of Johnson for that amount.

13

Carolina and ordered to disgorge to Johnson any funds he collected in relation to this case.

For the benefit of a reviewing court, the undersigned feels compelled to address the potential argument that Evans was not an *undisclosed* petition preparer because Silver's name and social security number appeared on the petition as well as the trade name Chapter 7 in 24.  In other words, Silver's participation and signature somehow allows Evans to operate outside the confines of the Bankruptcy Code.  That argument fails for several reasons:

(1) To conclude otherwise would permit an anonymous petition preparer to avoid the fines of Section 110 by hiding behind someone else's signature.  Common sense aside, such a result would be contrary to Congress's stated intent to crack down on petition preparers providing legal advice and legal services to debtors.  H.R. REP. NO. 103–835 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, at 3365, 1994 WL 562232, at *56)).

(2) While 11 U.S.C. § 110(c)(2) permits a non-individual to prepare a petition, the Code requires the petition in those instances to include the Social Security number of an "officer, principal, responsible person, or partner of the bankruptcy petition preparer."  There is no evidence indicating that Silver served in any of those capacities, and no entity by the name of Chapter 7 in 24 has been properly registered under the law of New York (Evans' residence), Massachusetts (Silver's residence), or North Carolina (Johnson's residence).

(3) As previously discussed, Silver was not and cannot be a petition preparer in this case; Evans prepared Johnson's petition and gave him legal advice, which squarely puts him within the dominion of Section 110 and N.C.G.S. § 84-4.

(4) The Court concludes that the inherent authority afforded under Code Section 105 to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code" is a sufficient alternative basis for all of the aforementioned sanctions.

As a final matter, the Court finds that Evans is in civil contempt for his failure to appear at the July 19 hearing as ordered.  To purge his contempt, Evans must remit $1000 payable to the Clerk of Court prior to November 4, 2016.  Evans is ordered to appear at a

compliance hearing on November 10, 2016 at 9:30 AM at the Charles R. Jonas Federal Courthouse in Charlotte, North Carolina.[9] Should Evans remain in contempt at that time, the Court may impose additional sanctions including referral to the United States District Court for consideration of criminal contempt.

The BA is directed to effectuate service of this order on Silver and Evans. The Clerk is directed to forward a copy of this order to the Massachusetts Board of Bar Overseers of the Supreme Judicial Court and the North Carolina State Bar as well as the Consumer Protection Division c/o the North Carolina Attorney General's Office and State Division of Consumer Protection Consumer Assistance Unit c/o the New York State Department. Given that this matter may implicate criminal acts including violations of 18 U.S.C. §§ 151 through 158, the Clerk is also directed to forward a copy of this order to the United States Attorney's Office for the Western District of North Carolina. 18 U.S.C. § 3057 ("Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.").

**SO ORDERED.**

**This Order has been signed electronically.**                   **United States Bankruptcy Court**
**The judge's signature and the court's seal**
**appear at the top of the Order.**

---

[9] Evan's presence may be excused should he comply with this order within the time allotted.